IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA, for the use
and benefit of L&W Supply Corp, et. al.,
Plaintiffs,

v. No. 3:08cv056/MCR/MD,

DICK CORPORATION, ET. AL. (Lead Case/Consolidated)
Defendants.

---

ORDER

All discovery issues in these consolidated cases have been assigned to the undersigned by the district judge in accordance with N.D. Fla. Loc.R. 72.3. Now before the court is a Motion for Discovery Schedule/Plan (the Palmer Plan) (doc. 160) and an objection by defendant Dick Corporation and others (doc. 274) asking the court to resolve a dispute concerning proposed discovery scheduling. Dick Corporation argues in essence that the plan violates the Federal Rules of Civil Procedure by limiting its right to handle discovery in its own way as the Rules provide.

While that argument generally would be persuasive, this is not the ordinary case. It is a consolidated case involving eight separate 40 U.S.C. § 3133(b) Miller Act cases with eighteen or more parties, with third party claims, counterclaims, cross-claims and so on. Under the circumstances, some degree of planned discovery is essential.

Upon consideration, the motion (doc 260) is GRANTED as follows: The court finds that the Palmer Plan is reasonable, and it is adopted as the discovery scheduling order of this court with the following provisos:

1. As to Dick Corporation's first objection, responding to an interrogatory does not preclude objecting to it. All parties considering making objections should

refer to paragraph 6, below, and should file them early.

2. All parties will cooperate fully in scheduling depositions. If a party needs to take a deposition out of sequence and has good cause for doing so, the other parties will cooperate, and object only if the deposition will prejudice their client's position. Do not take this as a license.

3. If an attorney is "not available" for scheduling a deposition, that attorney will have the deposition covered by other counsel. No exceptions.

4. The court understands that this is a complex case and that additional discovery time may be required. If an extension is needed, the party or parties requesting extra time will need to show that discovery has been diligently pursued, and that unusual circumstances have prevented discovery from being completed on time. The court will be generous to the extent that counsel are handling this case as professionals. Do not wait until the last minute, and do not take this as a license either.

5. No deposition of any witness will last more than ten hours, all in a single day, absent prior approval by the court. Counsel will cooperate fully in getting depositions completed. If the court determines that a party has taken unnecessary time in questioning a witness, resulting in another party being unable to complete its examination, appropriate sanctions will be considered.

6. All counsel involved in this consolidated case, and all support staff who are in any way involved in scheduling depositions or dealing with or responding to discovery will carefully read the document entitled "Magistrate Judge Davis' Sample Order on Motions to Compel" under Attorney Resources at http://www.flnd.uscourts.gov/. That order is what you will be looking at if there are discovery problems. You are well advised to send a copy of the Sample Order to your clients and house counsel now so there is no misunderstanding about the court's approach to discovery disputes.

DONE AND ORDERED at Pensacola, Florida this 21st day of May, 2009.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE