IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
for the use and benefit of L & W
SUPPLY CORPORATION, d/b/a
SEACOAST SUPPLY,
      Plaintiff,

v.                                 CASE NO.: 3:08cv56/MCR/MD

DICK CORPORATION, et al.,         (Lead Case/Consolidated)
      Defendants.

---

REPORT AND RECOMMENDATION
and
O R D E R

The District Judge referred a pending motion for leave to amend to the undersigned for recommendation. The court held a hearing on September 22, 2009 to address this and numerous other pending motions. The court ruled from the bench on the majority of these motions, most of which do not require significant discussion herein.

The motion for leave to amend concerns the correct identity, or name, of a subcontractor company with which defendant Dick Corporation, the prime contractor, dealt on this project. Defendant contends that its contract was with S&S Construction Company, LLC (the LLC). Plaintiff contends that the contract was with an entity using various other names that may or may not have been related to the LLC (the Smith Entity), and wishes to amend his complaint to sue the "correct" subcontractor. The identity of the subcontractor is important because it bears on whether plaintiff is entitled to make a claim on a Miller Act surety bond.

The only matter presently referred to the undersigned is a motion for leave to amend.  Counsel for defendant wants the LLC to remain as a party because defendant has a cross-claim against it (among other reasons).  Counsel believes that since he is correct and plaintiff will lose on the identity issue, plaintiff may later come back and want to sue the LLC again.  Counsel for plaintiff recognizes that he is entitled to plead in the alternative, but does not want to do so because he is "certain" that he is naming the correct entity.  Defendant's counsel is just as "certain" that he is not.

Discovery is not complete.  The issue of who contracted with whom is fact specific.  The court feels that the best alternative at this point is for plaintiff to plead in the alternative.  The issue of which entity was the correct subcontractor, or whether they are all the same,[1] can be resolved at the motion for summary judgment stage, or at trial, and plaintiff should be directed to plead in the alternative.

After hearing the parties' positions on discovery, the court ruled that the deposition of Dick Corporation's representative, Mr. Shelby Gardner, will be conducted beginning on Tuesday, October 20, 2009.  The first day of the deposition will not exceed ten hours.  At the end of each day counsel will re-evaluate the amount of time expected to complete Mr. Gardner's deposition.  In any event the deposition will be conducted on sequential days, for no longer than ten hours per day, up to and including Saturday, October 24, 2009, if necessary.  Mr. Gardner will not be subject to deposition by any party thereafter.

The regular deposition rotation will resume in November with depositions by third party defendants, and continue thereafter in the previously prescribed sequence (with no depositions in December).

Accordingly, it is respectfully RECOMMENDED that the motion to amend/correct the complaint (doc. 301) be DENIED without prejudice to the filing of a renewed motion with a new proposed amended complaint as discussed at the hearing.

---

[1]The issue of what happens if the LLC and the Smith Entity are all the same but carelessly or otherwise incorrectly used different names is not before the court.

*Case No: 3:08cv56/MCR/MD*

And it is ORDERED that:

The motion seeking for court involvement (doc. 348) is GRANTED as set out above.

The Supplemental Motion contained in the response by Sashco Security, Inc. (doc. 351) is DENIED.

The motion to strike reply (doc. 346) is DENIED.

The motion for default (doc. 315) is DENIED.

The motion to withdraw (doc. 338) is DENIED as moot in light of the amended motion at doc. 377.

The amended motion to withdraw (doc. 377) is GRANTED.  Mr. Crafton and Mr. Palmer are relieved from representation of Michael and Darlene Smith, and will continue as representatives of S&S Construction and M&B Construction.

The motion for extension of time to amend (doc. 367) is GRANTED.

The motions to amend/correct answer and add counterclaim (docs. 371, 374) are GRANTED.

The discovery and mediation deadlines will be extended by thirty days due to the disruption in the deposition schedule.

Done and Ordered this 23rd day of September, 2009.


/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

Any objections to report and recommendation must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).